ANDREW BENSON v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

December 11, 1899.

Nos. 11,920—(182).

| 78 | 303 |
|----|-----|
| d83 | 153 |
| 83 | 159 |
| 83 | 160 |
| 54 LRA | 483 |

Railway—Collision between Hand Cars—Wisconsin Statute.

Defendant was engaged in repairing its track at a point in the state of Wisconsin, and employed a large number of men in and about such work, including plaintiff. Boarding cars were kept and maintained at or near the work, at which such employees were boarded and lodged. As the work progressed, the men became further removed from the boarding cars; and at their request, and for their convenience, defendant furnished them hand cars on which to transport themselves to and from their work. Defendant did not manage the boarding cars, nor operate or have control of the hand cars. Such hand cars were operated exclusively by the men, and they had full charge and control thereof. A collision occurred between two of such hand cars while the men were transporting themselves thereon to the boarding cars for their dinner, and plaintiff was injured. The collision was caused by the negligence of the employees in charge of one of such cars, and plaintiff was free from fault. *Held*, that the employees were not, within the purpose and meaning of Laws (Wis.) 1893, c. 220, at the time of such collision and injury, engaged in the discharge of their duties under their employment, and defendant is not liable.

Action in the district court for Hennepin county to recover $1,950 damages for personal injuries. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of plaintiff for $500; and from an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

On a former appeal, an order sustaining a demurrer to the complaint in this action was reversed. 75 Minn. 163.

*Ludvig Arctander*, for appellant.

Plaintiff and his fellow laborers, in going to and coming from their work, were in the service of defendant so long as they were, with its permission and at its request, passing over its property for such transportation. Their coming and going were incidental to and a means of their labor, and necessary ingredients of their contract of employment. The use of the hand cars was an inseparable part of the work, and the men engaged in propelling the cars were engaged in performance of their duties, and acting within the scope of their employment, as much as if they had been digging or doing any other labor. Ewald v. Chicago, 70 Wis. 420; McGregor v. Auld, 83 Wis. 539; Rosenbaum v. St. Paul & D. R. Co., 38 Minn. 173; McDonough v. Lanpher, 55 Minn. 501. The cases in other jurisdictions are in line with the Wisconsin and Minnesota decisions. Packet Co. v. McCue, 17 Wall. 508; Brydon v. Stewart, 2 Macqueen, 30; Adams v. Iron, 78 Mich. 271; Broderick v. Detroit, 56 Mich. 261; Walbert v. Trexler, 156 Pa. St. 112; Cleveland v. Martin, 13 Ind. App. 485; Parkinson v. Riley, 50 Kan. 401; Swadley v. Missouri, 118 Mo. 268.

The fellow-servant rule having been abrogated by statute, it can make no difference whether an injury be due to a defect in the appliance or place or to a careless act of another servant. In the following cases the accident was caused solely by negligent acts of coservants. Ewald v. Chicago, supra; Packet Co. v. McCue, supra; Adams v. Iron, supra; Swadley v. Missouri, supra. The principle on which it is held that one who is on his master's premises during a noon recess, or while going to or coming from work, is a servant is that such coming and going are incident to and part of the em-

ployment. Ewald v. Chicago, supra; McGregor v. Auld, supra; Rosenbaum v. St. Paul & D. R. Co., supra; McDonough v. Lanpher, supra; Cleveland v. Martin, supra; Parkinson v. Riley, supra. Even if plaintiff were not a servant in the sense that his acts of coming and going were acts within the scope of his employment, yet there is no room for application of this distinction where the acts of coming and going did not consist merely of walking over defendant's premises, but the manner and method of transportation were prescribed, and the means furnished, by defendant as a necessary incident to the work on account of its peculiar character and the manner in which it was carried on. Where an employee is being transported free of charge by his master from his place of work, the relation of master and servant still exists, and the servant does not become a passenger, unless the fare is considered part of the compensation and the free transportation was taken into account in fixing the wages. Tunney v. Midland, L. R. 1 C. P. 291; Gillshannon v. Stony Brook, 10 Cush. 228; Seaver v. Boston, 14 Gray, 466; Russell v. Hudson, 17 N. Y. 134; Ryan v. Cumberland, 23 Pa. St. 384; Kansas v. Salmon, 11 Kan. 83; McQueen v. Central, 30 Kan. 689; Gilman v. Eastern, 10 Allen, 233; Higgins v. Hannibal, 36 Mo. 418; Vick v. New York, 95 N. Y. 267; Ross v. New York, 5 Hun, 488; Rosenbaum v. St. Paul & D. R. Co., supra; McDonough v. Lanpher, supra; Brydon v. Stewart, supra; 1 Shearman & R. Neg. § 190.

*Thomas Wilson*, for respondent.

BROWN, J.

Appeal from an order directing judgment for defendant notwithstanding the verdict of the jury. The action is one to recover damages for injuries to the person of plaintiff, caused, as he alleges, by the negligence of the defendant. There is no dispute or controversy as to the important or main facts.

The complaint alleges, and the evidence shows (omitting all matters not material to the questions presented) as follows: In the summer of 1897 the defendant was engaged in repairing and resurfacing its track between the stations of Altoona and Elroy, in the state of Wisconsin, in and about which it employed a large number

of laborers, including this plaintiff. More conveniently to carry on the work, it kept and maintained on a side track, near where the repairs were being made, a number of cars in which to board and lodge the men. The defendant did not undertake to board or lodge the men, but furnished such cars for that purpose. As the work progressed, the men became further removed from the boarding cars, and for their convenience the defendant furnished and permitted them to use hand cars on which to transport themselves to and from this work. The defendant did not attempt to operate the hand cars, nor did it put any one in charge thereof. They were furnished for the use of the men, every one of whom had as much control and was as much in charge thereof as his fellow laborer. On the day in question the plaintiff was upon one of such cars, returning from his work to the boarding cars for dinner, when an approaching car overtook and collided with the car on which he was so riding, thereby throwing him from the same and inflicting the injury complained of.

The action is based on a Wisconsin statute which provides that any railroad company operating a line of railroad wholly or in part in that state shall be liable for damages sustained within the state by an employee of such company who is free from contributory negligence. Laws (Wis.) 1893, c. 220. In order to warrant a recovery under the law, it must be shown, among other things, that the employee was not guilty of contributory negligence, that he was injured while engaged in the performance of his duties, and that the injury was caused by the negligence of another employee while engaged in the discharge of, or for failure to discharge, his duties as such.

At the conclusion of the trial in the court below, both parties requested the court for a directed verdict. The court refused both requests, submitted the case to the jury, and a verdict was returned for plaintiff. Thereafter, on defendant's motion, the court ordered judgment for defendant notwithstanding the verdict. The appeal is from that order.

The only question presented for decision is whether the employees in charge of this particular piece of work were, at the time plaintiff

received his injury, engaged in the "discharge of their duties as such," or in the line of their employment. If they were, the order appealed from should be reversed. If they were not then engaged in the discharge of their duties as such employees, the order appealed from should be affirmed.

The work for which they were employed, and in which they were engaged, was that of repairing and resurfacing defendant's track. At the time of the accident resulting in plaintiff's injury, they had ceased this work, and were on the way to the boarding cars for their dinner. So far as the evidence discloses, the defendant was not boarding the men. Plaintiff does not claim that it was. Nor had the company in any manner agreed or undertaken to transport or carry them to or from their work, on hand cars or otherwise; nor was it shown that it was defendant's custom to do so. The hand cars were furnished the men at their own request, for their own convenience, and the operation thereof was in no way under the charge or control of the defendant. The men themselves had full charge and control of such cars, and used them as they saw fit, not in the performance of any duty to defendant, nor in furtherance of defendant's work, but for their own comfort in going to and returning from their work. The cars were not defective, nor was the roadbed out of order.

In the view we take of the case, it is not important that the men were transporting themselves from the point where the work was being done to the boarding cars, on hand cars furnished them by defendant. Their relation to the defendant, with respect to the question whether they were at the time in the discharge of their duties, is precisely the same as it would have been had they been going to the boarding cars in lumber wagons furnished by defendant under like circumstances, or had been going afoot. They would be as much in the discharge of their duties to defendant in the one case as in the other. If the statute in question can be construed to apply to a case of this kind, we are at a loss to know when the relation of master and servant ceases, so that the negligence of one servant towards a fellow servant will not render the master liable, or when

or under what circumstances or conditions it may be said that the servant is not engaged in the duties of his employment.

We hold that the facts of this case do not bring it within the statute of Wisconsin above cited, and that during the journey to the boarding cars the employees were not, within its purpose and meaning, engaged in the discharge of their duties as such. They had ceased work, were not at the time subject to the orders or under the control of defendant, and, as between themselves at least, did not sustain the relation of servants of defendant engaged in the discharge of their duties. Whatever may be said of the rights of employees, similarly situated, with respect to the liability of the company for injuries negligently caused them by other employees who are at the time engaged in the actual work of their employment, it is clear that, as between themselves, and as to injuries caused by one to the other, they do not stand in the relation of employees engaged in the discharge of their duties.

The learned counsel for appellant cites no case in point. In Rosenbaum v. St. Paul & D. R. Co., 38 Minn. 173, 36 N. W. 447, the plaintiff was a laborer riding on a construction train operated by, and under the control and management of, the company, and used expressly for the purpose of carrying laborers to and from their work, and was injured by reason of a defective track. The hand cars used by plaintiff and his fellow workmen were not operated or controlled by defendant, nor was its road defective. In Ewald v. Chicago, 70 Wis. 420, 36 N. W. 12, and 591, the plaintiff, who was employed in defendant's roundhouse as a wiper, was injured while in defendant's yard, on his way to work, by the negligence of switchmen in the actual and active discharge of their duties, and not, as in this case, by the negligence of an employee, who had ceased the actual discharge of his duties, and was going from his work to his boarding house. The other cases cited are similar. In all of them there was shown either a positive act of negligence on the part of defendant, or an act of negligence on the part of employees while in the actual discharge of their duties and work. No case is cited where the injury was caused by the negligent act of an employee committed after he had ceased the actual discharge of his duties,

and was on his way to his home in company with the employee who was injured.

Order affirmed.