CONRAD WEISEL v. EASTERN RAILWAY COMPANY OF MINNESOTA.

April 19, 1900.

Nos. 11,754—(34).

### Railway—Injury to Employee—Proximate Cause.

Plaintiff, a common laborer, in the line of his duty was at work for defendant putting a hose upon the tender of an engine, which was loaded with coal, and standing still. At the same time another servant was standing upon the loose coal on the tender to receive the hose from his fellow servant on the ground, when a lump of coal was dislodged from the tender, and fell upon and injured the plaintiff. *Held*, upon a claim that defendant was negligent in overloading the engine with coal, and

| | |
|---|---|
| 79 | 245 |
| 80 | 31 |
| 79 | 245 |
| e83 | 158 |
| 83 | 163 |
| 83 | 186 |
| 54LRA | 132n |
| 54LRA | 485 |
| 54LRA | 486 |
| 79 | 245 |
| 86 | 248 |

thereby responsible for plaintiff's injury, that its acts in this respect were not the proximate cause of the accident, and did not constitute actionable negligence for which a recovery can be had.

### Dangers of Occupation—Negligence of Fellow Servant.

. Under the facts in this case the dangers to which plaintiff was subjected when he was injured were not peculiarly and distinctively railroad hazards, and the injuries caused by the negligence of his fellow servants would not entitle him to recover therefor from his employer.

Action in the district court for Carlton county to recover $2,000 for personal injuries. The case was tried before Cant, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order denying a motion for a new trial, defendant appealed. Reversed.

*J. A. Murphy,* for appellant.

*Windom & McMahon* and *O'Brien & Vaughn,* for respondent.

LOVELY, J.

This action is for injuries received by plaintiff while at work as a common laborer in and about defendant's gravel pit on its railroad near Nickerson, in this state. He had a verdict. Defendant moved for a new trial upon a settled case. The motion was denied by the trial court, from which order defendant appeals, and brings the whole record into this court for review.

The plaintiff was one of a crew of men attending upon a steam shovel in the gravel pit, which was being operated with the customary equipments for loading and hauling gravel from the pit to the main line of defendant's road. At the time when plaintiff was injured he had been at work four or five days performing such ordinary and common duties of his employment as were required, among which was the aid he was required to give in the task of transmitting water from a locomotive (brought into the pit for that purpose) to the steam shovel, in which particular service he received his injuries. The steam shovel had to take the water it used from a locomotive, there being no other means of supply at the pit, and the locomotive furnishing it would run into the pit near the shovel, a hose would be attached to the locomotive, and from thence conducted to the boiler of the steam shovel, and, with

the aid of a siphon attachment, when this connection was made the requisite amount of water would, under steam pressure, be forced from the locomotive to the shovel. In pursuance of the usual custom at the time in question, the locomotive, with its tender loaded with coal, came into the pit to supply the shovel, and stopped on the track, where it remained stationary until after the injury. It then became the duty of plaintiff, with the assistance of another laborer, to take up the hose with the siphon attached, and hand it to another employee, one William Dunn, who at this time stood on the loose coal upon the tender. In lifting the hose from the ground to Dunn, and at the moment when it was being handed up to the latter, a piece of coal was dislodged from the tender, and fell upon the plaintiff, knocking out two of his teeth and loosening two others.

It is for this injury inflicted in this manner that the verdict was recovered, and the contention for plaintiff in support of the verdict is: (1) That by the negligence of defendant in overloading the tender the plaintiff sustained his injury; (2) that the acts of other servants in dislodging the coal, if contributing to or occasioning his injury, were acts within the remedy of the fellow servant law of this state (Laws 1887, c. 13; G. S. 1894, § 2701).

Unless the dislodgment and fall of the coal upon plaintiff was caused either by the acts of Dunn alone or in connection with the movements of plaintiff and his fellow laborer on the ground, it is not obvious what could have been the immediate or direct force that caused the accident, even though the tender was overloaded, for there was no vibration or movement of the tender at the time, or, apart from the movements of these servants, any agency that could or did dislodge and precipitate the coal from the tender to the ground; and if it be insisted as an explanation of the accident that the tender was so overloaded that the coal would fall upon plaintiff without any independent influence operating upon it, the danger would be so open and apparent that in performing his duties under the circumstances as disclosed in this case plaintiff would have clearly assumed the risk of injury, and could not recover therefor. But, if we go further, and connect the movements of the employee Dunn, who was on the

engine, with the displacement of the piece of coal which fell upon plaintiff,—and from the evidence and statements of plaintiff himself it is clear that such must have been, to some extent, the efficient and immediate cause of the injury,—we are not able to sustain the verdict upon the ground that the engine tender had been negligently overloaded.

It had in fact been loaded, and had run a considerable distance on the road before the accident, and at the time when plaintiff was hurt was standing perfectly still on defendant's track, openly visible to the most casual observer; and the lump of coal had not then fallen, and it seems certain, beyond any doubt, would not have fallen if it had not been directly affected by the movements of Dunn, either alone or in connection with the acts of plaintiff or of his fellow servant, who was assisting him on the ground. In either case the defendant ought not to be required to anticipate that so unusual and peculiar a combination of circumstances would occur as to occasion so extraordinary and unexpected an accident from such a commonplace and ordinarily simple cause; or, in other words, we cannot hold that the overloading of the tender, if it was supplied with an unusual quantity of coal, was the proximate cause of plaintiff's injury, but that, notwithstanding the fact that the coal was piled loosely upon the tender, as is usual, the results that happened were brought about by a new and independent cause,—the acts of plaintiff's fellow servants,—for which defendant would not be responsible unless held for this negligence under the provisions of the co-employee's act, and not upon the common-law rule applicable in such a case.

We are also clearly of the opinion that under the fellow-servant act, above referred to, as interpreted by the previous decisions of this court, plaintiff could not recover for the negligent acts of the fellow servants who were with him at the time of his injury. It is true, the coal was in the tender of the locomotive, which was, in its usual use, propelled by steam power on the defendant's railroad; but it was at the time of the accident standing perfectly still, and the danger of its contents being dislodged and falling was no other, different, or greater in any respect than would exist from a stationary coal bin not connected with the railroad. In this respect,

and by this test, as repeatedly made by this court, the risk to which plaintiff was subjected was not a railroad hazard, nor within the protection of the statute. Lavallee v. St. Paul, M. & M. Ry. Co., 40 Minn. 249, 41 N. W. 974; Johnson v. St. Paul & D. R. Co., 43 Minn. 222, 45 N. W. 156; Pearson v. Chicago, M. & St. P. Ry. Co., 47 Minn. 9, 49 N. W. 302.

Order reversed, and a new trial awarded.