EARL PAQUIN v. WISCONSIN CENTRAL RAILWAY COMPANY.[1]

August 3, 1906.

Nos. 14,784—(148).

**Railway—Failure to Fence.**

A railway company neglected to fence its track as required by R. S. (Wis.) 1898, § 1810. Freight cars standing on a track with a two and a half per cent. grade, with defective brakes, and held by blocks placed in front of the wheels, were started by trespassers, who removed the blocks. A four year old boy, who entered the right of way where a fence should have been and climbed on the cars, was thrown therefrom by their starting and injured. *Held*:

(a) The Wisconsin statute imposes a liability upon a railway company when it fails to fence the track, for injuries only which are the proximate result of the failure to fence.

(b) The failure to fence was not the proximate cause of the accident by which the plaintiff was injured.

Action in the district court for Ramsey county to recover $30,000 for personal injuries. The case was tried before Orr, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Samuel A. Anderson,* for appellant.

*Thomas H. Gill* and *James D. Armstrong,* for respondent.

[1] Reported in 108 N. W. 882.

ELLIOTT, J.

This is an action to recover damages alleged to have been caused to the plaintiff by the negligence of the defendant railway company. A verdict was directed for the defendant, and the plaintiff appeals from an order denying a motion for a new trial.

There is practically no controversy as to the facts. At the time of the accident the plaintiff was about four years of age. The street on which he lived in Ashland, Wisconsin, where the accident occurred, ran north and south across certain railway tracks of the defendant, which ran east and west about one-half block from the plaintiff's home. These tracks consisted of the main line, known as the "dock track," a side track parallel with the main track, and a third or spur track connected with the side track by a switch at or near the extension of the street known as Third Avenue East, being the first street west of, and parallel with, the street on which plaintiff lived. This last-mentioned track ran down a two and a half per cent. grade in an easterly and northeasterly direction into a large sawmill and lumber yard, which lay between the tracks and the bay. On July 31, 1905, the defendant had two freight cars coupled together, standing on the spur track on the grade. On each car there was a hand brake, but one was useless and the other practically so. The cars were secured in the position where they were standing by blocks placed in front of certain of the wheels. The track was owned, maintained, and operated by the defendant, and was not situated in any depot grounds. It was admitted by the defendant that the track in question, the dock tracks, and the other tracks in the vicinity were at the time of the accident unfenced and had never been fenced; that the spur track upon which these cars were situated and upon which the boy was hurt was a private spur track upon the private premises of the lumber company; that the boy obtained access to the particular track by walking down the tracks, across the dock track, across the spur track, and onto the second spur track, on which the two cars were standing; that those cars had been left by the switchmen of the Wisconsin Central Railway standing on the track and properly blocked so as to prevent their moving downgrade; that the impelling, the moving, force which started the cars in motion was the interference therewith by two small boys, who were in no way connected with the Wisconsin Central Railway; that for

the purpose of amusement, or for the purpose of mischief, these boys knocked the blocks out from under the car; that just as the blocks were knocked out from under the car and the car started in motion, the plaintiff in this case climbed upon the car and was thrown off and received the injuries for which this action was brought. It appears that the plaintiff left his home, went along an alley on the north, and finally turned and went down an incline on the main or dock track, then went a few feet along the dock track, then down another incline across the side track, thence to the track where the cars were standing, and at once climbed upon the lower car. While he was in the act of climbing upon this car, after he had reached the top, three boys, who were playing about the car, knocked the blocks out from behind the wheels and started the car downgrade, and the plaintiff was thrown under the wheels and his leg crushed. The plaintiff predicates negligence upon the failure of the railway company to fence its tracks as required by the statutes of Wisconsin and leaving the cars with defective brakes standing upon the incline track with insufficient fastenings.

1. The rights of the parties to this action are to be determined by the laws of the state of Wisconsin, and this court will, for the purposes of the case, give the Wisconsin statute the construction which has been given to it by the courts of that state. Roe v. Winston, 86 Minn. 77, 90 N. W. 319; Benson v. Chicago, St. P., M. & O. Ry. Co., 78 Minn. 308, 80 N. W. 1050. The common law of a sister state is to be ascertained by an examination of the decisions and opinions of its courts. Crandall v. Great Northern Ry. Co., 83 Minn. 190, 86 N. W. 10; Engstrand v. Kleffman, 86 Minn. 403, 90 N. W. 1054.

2. R. S. (Wis.) 1898, § 1810, provides that

> Every railroad corporation operating any railroad shall erect and maintain on both sides of any portion of its railroad (depot grounds excepted) good and sufficient fences of the height of four and a half feet, with openings or gates, or bars therein and suitable and convenient farm crossings of the road for the use of the occupants of the lands adjoining and shall construct and maintain cattle guards at all highway crossings, and connect their fences therewith to prevent cattle and other domestic animals

from going on such railroads. All railroads hereafter built shall be so fenced and such cattle guards be made within three months from the time of commencing to operate the same, so far as operated. Until such fences and cattle guards shall be duly made, every railroad corporation owning or operating any such road shall be liable for all damages done to cattle, horses or other domestic animals, or persons thereon, occasioned in any manner in whole or in part by the want of such fences or cattle guards; but after such fences and cattle guards shall have been in good faith constructed such liability shall not extend to damages occasioned in part by contributory negligence or to defects existing without negligence on the part of the corporation or its agents.

Under this statute the defense of contributory negligence is not available until after the fence has been constructed in good faith. Quackenbush v. Wisconsin, 62 Wis. 411, 22 N. W. 519.

The appellant contends that the statute imposes an absolute liability upon the railroad company for all damages occasioned in any manner in whole or in part by the absence of the fence. But the supreme court of Wisconsin has established the rule that there can be no recovery unless the failure to fence was the proximate cause of the accident. In an action to recover damages caused by the killing of certain cattle the court said: The statute makes "railroad companies responsible for damages occasioned by failure to fence. The injury complained of must therefore be shown to be occasioned, that is, caused by the want of a proper railroad fence. The injury must be affirmatively shown to be a consequence of the absence of a fence. It is true that the injury may be caused by the absence of a fence at any place, whether adjoining or near or distant, but the evidence must connect the injury with the want of fence, and show that one was a consequence of the other; otherwise, railroad companies would be liable for injuries occurring where their roads are legally fenced if they should be left unfenced at any point, however distant or unconnected with such injuries. That is not the statute, and ought not to be." Lawrence v. Milwaukee, 42 Wis. 330.

In Cook v. Minneapolis, 98 Wis. 624, 646, 74 N. W. 561, 40 L. R. A. 457, 67 Am. St. 830, the court said: "The right of recovery is based solely upon the fact that defendant failed to perform its duty in respect to fencing the right of way.   *   *   *   Looking at the language [of section 1810] in the light of such rule, it must be held that the circumstances of the horses going on the track must have some causal connection with the failure to fence, not the mere nonexistence of a fence at the time of the entry, or there is no liability because of the failure to fence. If the failure to fence did not reach to such entry because of the intervention of some other cause or condition, the statutory rule of absolute liability does not apply.   *   *   *   The rule clearly applies that if, between an injury and prior negligence which might have produced it, had the effects reached that far, there were a superseding cause, though not traceable to a responsible source, which, without the operation of the negligence contributing, produced the result complained of, the wrongdoer is not liable."

In Perrault v. Minneapolis, 117 Wis. 520, 94 N. W. 348, it is said: "The language of the statute manifestly makes failure by the railway company to perform the statutory duty as to constructing right of way fences sufficient to create an absolute liability for damages   *   *   * only when such failure has some causal connection with the occurrence of the animals getting within the region of danger. In view of that, if it be held here that appellant's fence was not sufficient to satisfy the calls of the statute, and it yet be held under the circumstances of the case that such insufficiency had no proximate connection whatever with the cattle reaching the place where they were killed, because, regardless of the character of the fence in fact, or what it ought to have been, it would have been rendered useless by trespassers, so that such intervening cause would have furnished the opportunity for the cattle to go upon the track, then plaintiff was not entitled to recover, because such going upon the track in that state of the case would necessarily be referable, not to failure to fence, nor to failure to exercise ordinary diligence to keep the fence in a proper state of repair, but to the destruction of the fence by third persons."

It is thus apparent that in Wisconsin the failure to fence as required by statute is actionable only when such failure is the proximate cause of an injury.

3. The trial court directed a verdict for the defendant on the theory that the failure of the defendant to fence its tracks as required by the statute was not the proximate cause of the accident. If an act is such that a party ought, in the exercise of ordinary care, to have anticipated that it would result in injury to some one, he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate, and for such consequences the original wrongdoer is responsible. Nelson v. Chicago, M. & St. P. Ry. Co., 30 Minn. 74, 14 N. W. 360; Christianson v. Chicago, St. Paul, M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640; La Londe v. Peake, 82 Minn. 124, 84 N. W. 726; Deisenrieter v. Kraus-Merkel, 97 Wis. 279, 72 N. W. 735; Milwaukee v. Kellogg, 94 U. S. 469, 24 L. Ed. 256.

A verdict was properly directed for the defendant. The injury to the plaintiff was not the proximate result of the negligence of the defendant, nor was it the result of the concurrent negligence of the defendant and other parties. The removal of the blocks was a new and efficient force in no way connected with or originating from the failure of the defendant to fence its tracks. The different acts of negligence have no causal connection. The cars were safely fastened, and the plaintiff would not have been injured but for the acts of trespassers, for whose acts the defendant is not responsible. The force which produced the accident originated with these boys. The failure to fence did not cause the boys to start the cars. The different negligent acts did not concur. The failure to fence alone could not have caused the accident. The act of the boys was the sole, independent and efficient cause. The negligence of the defendant spent its force when the boy entered upon the tracks, and unless the defendant is liable for every injury which might possibly occur to one who enters the premises because of the absence of the fence it is not liable in this case. The authorities are uniform that a railway company is not liable for any and every injury, from whatever cause, which may result to any person who goes upon its right of way before the statutory fence is constructed. The liability exists only when the accident is one which might reasonably be expected to happen because of the absence of the fence, and of which

the absence of the fence is the proximate cause. There must be a chain of events leading naturally from the act of the defendant to the accident which causes the injury. If the original negligent act loses its force and dies out, the company is not liable for an accident occasioned by the negligent act of another person, originating independently of the negligence of the company and leading by a distinct and separate line of events to the accident.

4. It was not an act of negligence to leave the cars standing upon the track in the condition in which they are shown to have been. The plaintiff was not on the premises as a licensee by the express or implied invitation of the defendant. The evidence shows that small boys occasionally played on and about these tracks. But the defendant's employees always warned them away and seem to have made every effort to keep them away from the dangerous place. It does not appear that they were there often enough to impose upon the defendant a duty to anticipate their presence. The rule that a railway company owes no duty to a trespasser, whether child or adult, except to refrain from knowingly or wilfully injuring him, applies to this case. The plaintiff was not lured into danger by any special attractiveness which these cars possess for the childish mind. To the plaintiff they must have been merely ordinary freight cars standing upon the track. The facts do not bring the case within the exception to the general rule. Ellington v. Great Northern Ry. Co., 96 Minn. 176, 104 N. W. 827.

The order appealed from is therefore affirmed.