## C. A. KOECHER v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

July 18, 1913.

Nos. 18,113—(186).

**Construction of Wisconsin statute — machinist in excepted class.**
  Plaintiff, a machinist employed by defendant in the state of Wisconsin,

[1] Reported in 142 N. W. 874.

sustained injuries through the negligence of a coemployee and brought suit in this state, based on the Wisconsin statute, to recover therefor. The statute imposes a liability upon railway companies for injuries to an employee caused by the negligence of a coemployee, but provides that "the provisions of this act shall not apply to employees working in shops or offices." *Held:*

(1) That this court will adopt the construction given the Wisconsin statute by the Wisconsin court.

(2) That machinists regularly employed to repair locomotives in the roundhouse are shop employees within the meaning of the statute.

(3) That by the construction given the statute by the Wisconsin court plaintiff, as a shop employee, is excluded from the benefit thereof.

Action in the district court for Ramsey county to recover $75,000 for personal injury received while in defendant's employ. The action was brought under the laws of Wisconsin 1907, c. 254 [see Wis. St. 1911, § 1816, subd. 9]. The answer alleged that whatever injuries were received by plaintiff were caused by his own negligence and not as a result of negligence on the part of defendant. The answer further alleged that the Wisconsin statute mentioned was in conflict with the law and public policy of Minnesota, had no force in the last named state, and was in conflict with the statutory law of Minnesota. The case was tried before Hallam, J., and a jury which returned a verdict of $27,500 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed and new trial granted.

*M. D. Munn* and *W. A. Hayes,* for appellant.

*Barton & Kay,* for respondent.

TAYLOR, C.

Plaintiff was employed by defendant as a machinist in its roundhouse at Stevens Point, Wisconsin. While passing from the roundhouse to an engine a short distance therefrom upon which he was making repairs, he was struck by another engine through the negligence of a coemployee and sustained very serious injuries. He brought this action for damages based upon chapter 254, Laws of 1907, of the state of Wisconsin [see Wis. St. 1911, § 1816, subd. 9] and recovered a verdict. Defendant made the usual alternative

motion for judgment or for a new trial and appealed from an order denying the motion.

The cause of action here presented is based wholly upon the Wisconsin statute. Unless that statute gives plaintiff a right to recover, the verdict cannot be sustained. The statute imposes a liability upon every railway company for injuries to an employee, while engaged in the line of his duty, caused, in whole or in greater part, by the negligence of a coemployee, but provides that "the provisions of this act shall not apply to employees working in shops or offices." As this is a Wisconsin statute, the construction given it by the Wisconsin court will be adopted by this court. Paquin v. Wisconsin Central Ry. Co. 99 Minn. 170, 108 N. W. 882. The provision quoted was construed by that court in Kiley v. Chicago, M. & St. P. Ry. Co., which was before the court in 1909 (138 Wis. 215, 119 N. W. 309, 120 N. W. 756), and again in 1910 (142 Wis. 154; 125 N. W. 464), and whatever uncertainty may have remained after those decisions was set at rest in Ruck v. Chicago, M. & St. P. Ry. Co. 153 Wis. 158, 140 N. W. 1074, decided since the trial of the instant case.

In the first decision in the Kiley case the court say: "The exemption of shop and office employees from the operation of the law seems an appropriate one, because they are not engaged in that part of the business which exposes them to the unusual dangers and hazards of the business; nor does their conduct bear so directly in securing the safety of the public. It is suggested that this exemption is improper because these employees may be subjected to hazards or perils equally dangerous to those to which other employees are subjected. Conceding that this may be true, still that would not invalidate the classification. We do not find the legislative power to classify confined within such narrow limits. As declared by this court in State v. Evans, 130 Wis. 381, 110 N. W. 241: 'Each new exercise of the power of police regulation presents anew to the courts the question of possible relationship between the distinguishing characteristics of the classes and the object and purposes of the regulation.' * * * Nor are distinctions between individuals of one class and of another the criteria merely of a classification. 'The ques-

tion to be considered, however, is the distinction between the classes as classes, whether there are characteristics which, in a greater degree, persist through the one class than in the other, which justify legal discrimination between them [citing].' We are of opinion that the office and shop employees are sufficiently distinct in their employment and relation to the conduct of the railroad business to justify the legislature, within the field of its discretion, and with regard to public policy, in exempting them from the operation of the law."

In the second decision in that case they say: "As to the provision exempting shop and office employees from the operation of the act, a different question arises. This is undoubtedly classification, or rather subclassification, of employees. * * * Nor is classification to be condemned by the courts because the situation of certain individuals in one class may not differ materially from the situation of certain individuals in another class. Such is frequently the case. It is the class, considered broadly as a class, which must possess the distinguishing differences of situation calling for different legislation, not every individual in the class. State v. Evans, supra. Bearing these well established rules in mind, we still find ourselves unable to say that the classification which exempts shop and office employees from the provisions of the law passes the bounds of reason. Speaking generally of the shop and office employees as a class, they are in less danger from the negligence of coemployees, and perform duties less directly and vitally connected with the public safety, than train employees and track repairers, who constitute a very large percentage of the other class, and we cannot say that the differences are not such as would justify a reasonable mind in concluding that they suggest the propriety of substantial difference in legislative treatment."

In the Ruck case they supplement the foregoing statement as follows: "Subsection 9 of said section 1816 provides as follows: 'The provisions of this section shall not apply to the employees working in shops or offices.' Under the facts stated the plaintiff was a shop employee of the defendant and such was the nature of his contract of employment. It was held in Kiley v. C. M. & St. Paul Rail-

way Co. 138 Wis. 215, 119 N. W. 309, 120 N. W. 756, where this
act was sustained upon that ground, that this subdivision referred
to a class of employees not engaged in that part of the railroad
service which exposes them to unusual dangers and hazards of such
service. Literally this subdivision might be read so as to apply
only to those while working in the shop or in the office. But that
seems a narrow and irrational construction. A shop employee who
goes into the shop yard or even a great distance from the shop,
for the purpose of performing the kind of labor which is ordinarily
done in the shop is, we think, within this exception. The words
'employees working in shops or offices' must therefore, we think, in-
clude that class employed for such service whether actually within
the walls of the shop or not, so long as they are employed for shop
work, although outside the shop at the time of injury. If this is
correct, no case is made under section 1816."

In Benz v. Kremer, 142 Wis. 1, 125 N. W. 99, 26 L.R.A.(N.S.)
842, the Kiley case is cited in support of the following rule as to
classification: "But individual cases cannot determine the necessity
of a general law on the subject, nor indeed rule the question of
classification. The question is whether, in general, the public health
will be promoted by the rule, and not whether isolated cases do not
need such a rule. If the rule be in the interest of the public health
it must be general and all within the class controlled by it."

The rule followed by this court in Lavallee v. St. Paul, M. & M.
Ry. Co. 40 Minn. 249, 41 N. W. 974, and in numerous subsequent
cases, that the basis for the classification of railway employees
should be the peculiar dangers and hazards incident to the operation
of the road to which they are exposed and not the class of employees
to which the employee might belong, is expressly disapproved by
the Wisconsin court in the cases cited and in other cases.

As we understand the Wisconsin decisions, shop and office em-
ployees are excluded from the operation of the law in question as a
class, regardless of the dangers to which they may have been ex-
posed or the places where they may have been at work at the time of
an accident. This conclusion is decisive of the instant case if plain-
tiff was a shop employee.

Plaintiff was a machinist and, together with three other machinists and a number of other employees not machinists, was regularly employed at a roundhouse to repair locomotives. He contends that a roundhouse is not a "shop" within the meaning of the statute and that he was not a shop employee for that reason. We are unable to make such a distinction. Webster's New International Dictionary in defining "shop" states that: "In the United States shop means especially a place of manufacture or repair." We think the term in this statute is used in that sense, and that a roundhouse in which machinists are regularly employed for the purpose of making repairs is a shop within the meaning of the statute. Both the character of the work and the class of employees is the same as in other railroad shops, and under the Wisconsin rule we see no escape from the conclusion that plaintiff was a shop employee at the time of the accident.

We think judgment should not be directed for defendant at this time as plaintiff may have a cause of action under some other statute, but the order denying a new trial is reversed and new trial granted.