## TOLEF OLSON v. PENNSYLVANIA & OHIO FUEL COMPANY
### and Others.

November 1, 1899.

Nos. 11,719, 11,796—(41, 45).

#### Carrier—Inspection of Car Furnished Shipper.

A carrier owning and transferring a car over its own and connecting lines to a shipper for his use owes to him and his servants who must handle the car the duty of exercising due diligence in inspecting and putting the car in a reasonably safe condition for the proposed service; but, if the car be suitable and safe when it leaves the possession and control of such carrier, it has exercised due care in the premises.

#### Same—Complaint Defective.

Complaint herein construed, and *held*, that it does not state a cause of action against either of the appellants, because it fails to allege that the car by which the plaintiff, a servant of a shipper, was injured, was in an unsafe condition when it left the respective lines of the appellants, or either of them.

Action in the district court for St. Louis county against Pennsylvania & Ohio Fuel Company, Chicago Great Western Railway Company, Eastern Railway Company of Minnesota, and John Elliot Bowles, as receiver of Duluth Transfer Railway Company, to recover $7,450 for personal injuries. From orders, Moer, J., and Cant, J., overruling separate demurrers to the complaint, defendants Chicago Great Western Railway Company and Eastern Railway Company of Minnesota appealed. Reversed.

*Wm. R. Begg,* for Eastern Railway Company of Minnesota, appellant.

Defendant was under no duty to inspect and repair the car as regards plaintiff. Roddy v. Missouri, 104 Mo. 234; Curtain v. Somerset, 140 Pa. St. 70; Thomas v. Winchester, 6 N. Y. 397; Fowles v. Briggs, 116 Mich. 425; Bragdon v. Perkins-Campbell Co., 87 Fed. 109; Goodlander Mill Co. v. Standard Oil Co., 63 Fed. 400; Davidson v. Nichols, 11 Allen, 514; Loop v. Litchfield, 42 N. Y. 351; Losee v. Clute, 51 N. Y. 494; Necker v. Harvey, 49 Mich. 517. Plaintiff's injuries were not the proximate result of any breach of duty of de-

fendant. Fowles v. Briggs, supra; Goodlander Mill Co. v. Standard Oil Co., supra; Wharton, Neg. § 439; Curtain v. Somerset, supra; Texas v. Doherty (Tex. App.) 15 S. W. 44; Barkley v. Missouri, 96 Mo. 367; Patton v. East, 89 Tenn. 370; Stone v. Boston, 171 Mass. 536; Willis v. Armstrong, 183 Pa. St. 184; Cochran v. Philadelphia, 184 Pa. St. 565. From the complaint it does not appear that there was any negligence on the part of defendant. Fay v. Minneapolis & St. L. Ry. Co., 30 Minn. 231; Case v. Chicago, 64 Iowa, 762; Indianapolis v. Flanigan, 77 Ill. 365. The general allegations are controlled by the particular. Stedman y. City, 97 Wis. 505. It was not negligence for defendant, so far as plaintiff was concerned, to transport the car in a defective condition. See Flanagan v. Chicago, 45 Wis. 98.

*D. W. Lawler, Davis, Hollister & Hicks,* and *Henry J. Grannis,* for Chicago Great Western Railway Company, appellant.

*John Jenswold, Jr.,* for respondent.

Whoever negligently furnishes for another an imminently dangerous article, about or with which he is to work, and from which injury is likely to and does result to him, is liable therefor. Moon v. Northern Pacific R. Co., 46 Minn. 106; Closson v. Oakes, 69 Minn. 67; Schubert v. J. R. Clark Co., 49 Minn. 331. See Borden v. Daisy, 98 Wis. 407; Sheridan v. Bigelow, 93 Wis. 426; McGowan v. Chicago, 91 Wis. 147. Under the general allegation of negligence proof is admissible to establish every point made by defendants against plaintiff's right to recover. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69; Keating v. Brown, 30 Minn. 9; Ekman v. Minneapolis St. Ry. Co., 34 Minn. 24; Olson v. St. Paul, M. & M. Ry. Co., 34 Minn. 477; Rolseth v. Smith, 38 Minn. 14; Rogers v. Truesdale, 57 Minn. 126; Weber v. Winona & St. P. R. Co., 63 Minn. 66; Stendal v. Boyd, 67 Minn. 279. The general allegation is sufficient. Rogers v. Truesdale, supra; Johnson v. St. Paul & D. R. Co., 31 Minn. 283; Birmingham v. Duluth, M. & N. Ry. Co., 70 Minn. 474. Defendants had a common duty to inspect and repair. For the common neglect of such duty the tort is joint, and all may be held. Matthews v. Delaware, 56 N. J. L. 34; Downey v. Philadelphia, 161 Pa. St. 588;

Consolidated v. Keifer, 134 Ill. 481. See Powers v. Chesapeake & O. Ry. Co., 169 U. S. 92; Moon v. Northern Pacific R. Co., supra; Schumaker v. St. Paul & D. R. Co., 46 Minn. 39.

Where the facts are peculiarly within the knowledge of defendant, plaintiff is held to a less degree of particularity. McCauley v. Davidson, 10 Minn. 335 (418); Clark v. Chicago, M. & St. P. Ry. Co., supra; In re Stevens, 38 Minn. 432.

START, C. J.[1]

The here material facts alleged in the complaint herein are these: The defendant fuel company during all the times stated in the complaint owned and operated a coal dock at the city of Duluth, with railroad tracks which were connected with the main tracks of the Duluth Transfer Railway Company, which were in the control of the defendant Bowles as receiver of such transfer company. During such times the defendant the Chicago Great Western Railway Company was a common carrier of freight and passengers, and owned and operated a railway line in this state, and owned and used a freight car, with others, known as "No. 626." The defendant the Eastern Railway Company of Minnesota was also during such times a like carrier, and owned and operated a railway line from Hinckley to Duluth, in this state. The defendants other than the fuel company were parties to a traffic arrangement by the terms of which all the cars owned, leased, or operated by any of the parties, which were destined for any point on the railway line of any of the other parties to the contract, were to be transported and transferred over the connecting lines of the parties to their point of destination at a reasonable compensation, to be settled for between the parties on the basis of a haul load, and under which the servants of such parties were to handle the cars so transferred and transported.

Pursuant to such arrangement, the Great Western Railway Company delivered its car No. 626 to a connecting carrier to the plaintiff unknown, to be forwarded to the coal dock of the fuel company, to be there loaded with coal. The Eastern Railway Company received the car upon its line, pursuant to the contract, and delivered it to Bowles, the receiver, who, on September 29, 1897, transferred

[1] BUCK, J., took no part.

it to the coal dock, to be there loaded with coal, and returned over the same connecting lines. The fastenings and bearings, upon which hung and was moved one of the sides and doors of the car were at that time, and for a long time prior thereto had been, in a defective and unsafe condition, and insufficient to hold the door in place, and by reason thereof the door was liable to come off its bearings, and injure any person who should be engaged in loading or unloading the car, or working thereabouts, and by reason thereof it was imminently dangerous to all persons working at or about it. The defendants did at all times know of its defective and dangerous condition, or in the exercise of ordinary care and diligence they could have known thereof, but nevertheless they transferred the car, in its defective and dangerous condition, as above stated, to the coal dock, to be there loaded. Defendants were also careless and negligent in this: that they failed and omitted to use proper care in, and made no inspection or repair of, the door, but delivered the car, as above stated, for the purpose of being loaded and handled as herein set forth.

The plaintiff, an employee of the fuel company on its dock, was injured on September 29, 1897, by reason of the defective and dangerous condition of the car. The defendants the Chicago Great Western Railway Company and the Eastern Railway Company each interposed a separate general demurrer to the complaint, and each appeals from an order overruling its demurrer.

The sufficiency of the complaint as showing a cause of action against the Chicago Great Western Railway Company will be first considered. The complaint fairly alleges that it owned the car in question, and consigned it to a shipper, the fuel company, to be loaded and returned, and that it delivered the car to a connecting carrier to be transported to its destination, pursuant to the alleged traffic arrangement. The rule is that, where connecting railroads agree to transport the cars of each over their respective lines, each is under obligation to exercise due diligence in providing reasonably safe cars for the proposed service. Such duty extends to the servants of each of them who must handle the car. Moon v. Northern Pacific R. Co., 46 Minn. 106, 48 N. W. 679. Also, a carrier owning and transferring a car over its own and connecting lines to a ship-

per for his use owes a like duty to the shipper and to his servants who must handle it, and may be exposed to danger from its unsafe and defective condition. Hoosier v. Louisville, 131 Ind. 575, 31 N. E. 365. But, if the car be suitable and safe when delivered to the connecting carrier, the party making the delivery has exercised due care in the premises. He is not bound to follow it to its destination, and there inspect and repair it if found defective. Therefore, unless the complaint alleges that the car was in an unsafe and defective condition when it was delivered by the defendant the Chicago Great Western Railway Company to the connecting carrier, it does not state a cause of action against such defendant.

There is no direct allegation in the complaint to the effect that the car was unsafe, or in any manner defective, when it left the possession of this defendant. It is true, as plaintiff claims, that pleadings are to be liberally construed, and that it was not necessary for him to plead his evidence, or to state the precise day or hour when the car became unsafe, but it was necessary for him to allege that the car was unsafe when it left the possession of the defendant. The complaint alleges that the car was at that time (that is, when it was transferred to the coal dock), and for a long time prior thereto it had been, in an unsafe condition. How long? An hour, or a day? That the defendants at all times knew its dangerous condition (that is, at all times after it became unsafe, for they could not have known before), but nevertheless they transferred the car in its defective and dangerous condition, as above stated, to the coal dock, to be there loaded. This last allegation is modified and controlled by the particular facts alleged as to the transfer of the car, which show that it was delivered by the Chicago Great Western Railway Company to the unknown connecting carrier, and was not in its possession thereafter until after the plaintiff was injured.

It is barely possible that, if the question of the sufficiency of this complaint was first challenged in this court after verdict, we might, by argument and inference, spell out the equivalent of an allegation that the car, when it left the possession of the Chicago Great Western Railway Company, was in an unsafe condition, but as against a general demurrer such fact must be distinctly and directly aver-

red. It is not so alleged, and for this reason the complaint does not state a cause of action against this particular defendant.

This conclusion necessarily disposes of the demurrer of the Eastern Railway Company in its favor, for the allegations of the complaint as to it are the same as those we have considered as to the Chicago Great Western Railway Company.

The complaint fails to state a cause of action as to either of the defendants, and each of the orders overruling the demurrers is reversed.