WILLIAM J. TEAL v. AMERICAN MINING COMPANY and Another.[1]

November 8, 1901.

Nos. 12,678—(33).

Inspection of Car by Railway—Connecting Carrier.

A railway carrier transferring a car of its own to a connecting carrier for use upon its line owes to the servants of the latter the duty of exercising due care in inspecting and putting the car in a reasonably safe condition for the proposed use. The negligence of the latter in receiving and using the car cannot relieve the former from liability for an injury to such servants, caused by a defective car negligently transferred by it. Rule applied, and *held*, that the complaint herein states a cause of action as to each of the defendants.

Action in the district court for Hennepin county against the American Mining Company and the Eastern Railway Company of Minnesota to recover $35,000 for personal injuries. From an order, Elliott, J., overruling its demurrer to the amended complaint, defendant railway company appealed. Affirmed.

[1] Reported in 87 N. W. 837.

*W. E. Dodge,* for appellant.

*Daly & Barnard,* for respondent.

START, C. J.

This is an appeal from an order overruling the demurrer of the defendant railway company to the plaintiff's amended complaint.

The here material allegations of the complaint are substantially these: The defendant mining company, during the time herein stated, maintained and operated a railway line from its mines in the county of St. Louis to the city of Virginia, in such county, for the purpose of transporting its ore in freight cars over its line to the city, and there delivering the loaded cars to the defendant railway company, to be by it transported over its railway line to certain docks on the shore of Lake Superior. In the conduct of such business the defendants used in common the railroad yards of the railway company in the city of Virginia, and the latter company furnished its cars to the mining company for its and its employees' use in so transporting its ore. On November 16, 1899, the railway company transferred a car, which it then knew to be unsafe by reason of a defective brake wheel thereon, to the mining company's line, to be used by the employees of the latter in so operating its railway line, and also knowing that such employees would be compelled, in the performance of their duties, to use the unsafe car, whereby they would be exposed to unnecessary danger. The mining company carelessly and negligently received such unsafe and defective car upon its line, and carelessly and negligently permitted it to remain in such condition until after the accident and injury, by reason of the defects in the car, to the plaintiff, who was then employed by it as a brakeman in operating its railway line. The complaint then alleges that the plaintiff was injured, and the manner and extent thereof, while in the line of his duty as such brakeman, by reason of the defective brake wheel on the car in question.

The reason urged on behalf of the railway company why the complaint does not state a cause of action as to it is, in effect, that its alleged negligent act was not the proximate cause of the plaintiff's injury, because the negligent acceptance of the car by

the master, the mining company, with actual or constructive notice of its dangerous condition, was the intervening efficient cause of-the injury complained of. Therefore, it is claimed, there was no natural and continuous sequence unbroken by any cause between the alleged negligent act of the railway company and the plaintiff's injury.

It does not, however, follow that the negligent act of the railway company must have been the sole cause of the injury in order to render its negligence the proximate cause, for the allegations of the complaint show that the negligence of the mining company was a concurring and contributing cause of the injury. If the allegations of the complaint be true, the railway company, knowing the car to be in an unsafe condition, and knowing that it was to be used by the employees of the mining company, transferred it to the line of the latter for such purpose. Except for this negligent act, the plaintiff would not have been injured. It is equally true that, if the mining company had not negligently received the car upon its line for the use of its employees, the plaintiff would not have been injured, but this negligence of the mining company, which may have been solely of a negative character,—that is, a failure to use due care to inspect and repair the car,—was not a new and independent cause, interrupting the continuous sequence between the railway company's negligence and the injury of the plaintiff. In its last analysis the negligence of the mining company was the failure to interrupt the consequences likely to and which did flow from the original negligent act of the railway company by inspecting and repairing the car before requiring the plaintiff to use it,—a contributing, not the sole proximate, cause. Pennsylvania v. Snyder, 55 Oh. St. 342, 45 N. E. 559.

It is, however, unnecessary to pursue this line of argument further, for the question here to be decided has been put to rest by the decision of this court in the case of Moon v. Northern Pac. R. Co., 46 Minn. 106, 48 N. W. 679. It was held in that case that a railway carrier transferring a car of its own to a connecting carrier for use upon its line owes to the servants of the latter the duty of exercising due care in inspecting and putting the car

in a reasonably safe condition for the proposed use, and that the negligence of the latter in receiving and using the car cannot relieve the former from liability for an injury to such servants, caused by a defective car negligently transferred by it. The case cited cannot be distinguished from the one we are considering, for a reference to the record of the former shows that the allegations of the complaint as to the negligence of the respective defendants were substantially identical with those of the complaint in this action. See also Franklin v. Winona & St. P. R. Co., 37 Minn. 409, 34 N. W. 898; Johnson v. N. W. Tel. Exch. Co., 48 Minn. 433, 51 N. W. 225; Tvedt v. Wheeler, 70 Minn. 161, 72 N. W. 1062; Olson v. Pennsylvania & O. Fuel Co., 77 Minn. 528, 80 N. W. 698. The complaint states a cause of action as to each of the defendants.

Order affirmed.