### HOYE v. GREAT NORTHERN RY. CO. et al.

(Circuit Court, D. Montana. January 31, 1903.)

#### No. 661.

1. CONNECTING RAILROADS—TRANSFER OF CARS—DUTY OF INSPECTION.

When, by agreement between railroad companies owning connecting lines, cars are transferred from one road to the other, both companies owe the duty to employés of the receiving company to exercise reasonable care to see that such cars are in proper repair; and, where such an employé is injured by reason of a defect which existed when a car was so transferred, he may join both companies as defendants in an action for the injury.

2. REMOVAL OF CAUSES—SEPARATE CONTROVERSY—ACTION FOR JOINT NEGLIGENCE.

An action to recover for a personal injury alleged to have resulted from the concurring negligence of two defendants, each of whom owed a separate duty of care to the plaintiff, is not removable by one defendant, who is a nonresident of the state, on the ground that it involves a separable controversy.

---

¶ 2. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

On Motion to Remand to State Court.

W. F. O'Leary, for plaintiff.

I. Parker Veazey, for defendants.

KNOWLES, District Judge. This is an action originally brought in the district court of the Eighth judicial district of the state of Montana to recover damages from the defendants jointly for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendants. The case was removed into this court by the defendant the Great Northern Railway Company on the ground that the plaintiff is a citizen of the state of Montana and that the defendant Great Northern Railway Company is a corporation organized and existing under the laws of the state of Minnesota, and a citizen of said state, and that there is a separable controversy between it and the plaintiff, as presented by the pleadings in this case. The plaintiff has filed his motion to remand the case to the state court upon the ground that this court has no jurisdiction. It is alleged that each of the defendants did, during the times mentioned in the complaint, operate and maintain certain railroad lines owned by them, and the locomotives, cars, yards, shops, tracks, switches, and all tools and appliances, appurtenances, and real estate customarily owned and used by railroad companies in operating railroads, and were jointly and severally engaged in the business of carrying freight and passengers for hire; that the lines of the said defendants connect at or near Pacific Junction, in the state of Montana, where cars could be, and frequently were and are, transferred from the one line of railway to the other.

The question presented by this motion is one not free from doubt. It would seem that the plaintiff was an employé of the Montana Central Railway Company, and not of the defendant the Great Northern Railway Company; that the defendant Great Northern Railway Company delivered to the Montana Central Railway Company, at said Pacific Junction, a certain freight car, equipped in the customary manner with iron rods or bars attached to the side and ends of the car and forming a ladder for ascending and descending the same, and with a handhold attached to the top of the car; that the aforesaid handhold of said car was defective in this, to wit, that the same was loose; that the defendant had notice of the defect in this car at the time of its delivery by it to the defendant the Montana Central Railway Company; that the defendant Montana Central Railway Company knew, or by the exercise of reasonable care might have known, of the defect in this car, and that it carelessly and negligently transferred said car from said Pacific Junction to a part of its railway line near Great Falls, Mont., known as the "B. & M. Smelter Lower Line," and there required the plaintiff, in the course of his duties as a switchman, to ascend the same, and that while so engaged in his duties, and having ascended the same, he grasped the said iron handhold at the top of said car, and that the same gave way, and he was precipitated from the top of said car upon another car standing on a parallel track, and received the injuries complained of. It is claimed that the defendant Montana Central Railway Company failed to properly inspect said car, and turned the same over to be used by the plaintiff; and that, if it had

properly inspected said car, it would have discovered said defect, and could have remedied the same. It will thus be seen that the injury was caused by the defect in the car used.

It was held in Teal v. American Mining Company et al. (Minn.) 87 N. W. 837, that a railway carrier transferring a car of its own to a connecting carrier for use upon its line owes the servants of the latter the duty of exercising due care in inspecting and putting the car in a reasonably safe condition for the purpose used. The negligence of the latter in receiving and using the car cannot relieve the former for an injury to such servants, caused by a defective car negligently transferred to it. In this case the mining company receiving the car and that used it was joined as a defendant with the railway company which had transferred it. In the case of Moon v. N. P. R. R. Co., 46 Minn. 106, 48 N. W. 679, 24 Am. St. Rep. 194, it was held, where connecting railroads mutually agree to transfer the loaded freight cars of each over their respective lines, each is under obligation to exercise due diligence in providing reasonably safe cars for the service contemplated. Such duty is not limited to the corporation as such, but is extended to and is owed to their servants who must necessarily handle the cars, and who may be exposed to danger arising from their unsafe condition. It was also held in this case that where, "under a mutual agreement between common carriers to transfer the loaded freight cars of each over their respective lines, the receiving company is liable to its employés if it undertakes to use the cars of the other company without due inspection, and they turn out to be defective and unsafe by reason of defects ascertainable by reasonably careful inspection; but the negligence of the receiving company to perform this duty will not relieve or excuse the delivering company from liability for injuries resulting from its negligence in delivering unsafe and defective cars." In the case of Consolidated Ice Machine Company et al. v. Keifer, 134 Ill. 481, 25 N. E. 799, 10 L. R. A. 696, 23 Am. St. Rep. 688, it was held, where the negligence of two or more persons directly concurs to produce an injury to another, although one may have undertaken one part and another another part, and the negligence occurs in the performance of each of the several parts of the work which directly contributes to produce the injury, all will be liable. In this case the ice company undertook to build a tank for making ice for a brewing company. The brewing company was to fix a location for the plant, and put in proper supports for it. In providing the place where the tank was to be erected, the brewing company put in, as a support, an insufficient truss. The ice company knew that this truss was insufficient. It sent one of its employés through the roof of the house in which the tank was being erected. The tank fell on account of the defective truss. The employé, Keifer, fell from the roof on account of this, and was killed. Both companies were held to be liable jointly, although the party killed was the employé or servant of only the ice company, and there was no contractual relation existing between the brewing company and the person killed. In the case at bar the plaintiff was injured on account of the defect in the car with knowledge of which both the defendant companies were chargeable, and it would seem, under the decisions above quoted, that both companies were required

to exercise reasonable care in regard to this car; that this care was due to the employés of the Montana Central Railway Company by the Great Northern Railway Company, although the plaintiff was not an employé of that last-named company. Under these circumstances I am inclined to hold that both defendant companies are jointly charged with negligence, and that there is no separable controversy in this case as to the Great Northern Railway Company.

It is therefore ordered that the case be remanded, with costs to the plaintiff.