WEAVER v. NORTHERN PAC. RY. CO. et al.

(Circuit Court, D. Montana. August 17, 1903.)

No. 658.

**1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.**

An action in which the petition charges concurrent acts of negligence against each of two defendants does not present a separable controversy.

**2. SAME—MOTION TO REMAND—ISSUE AS TO JURISDICTIONAL FACTS.**

A statement of jurisdictional facts, such as the citizenship of the parties, in a petition for removal, is sufficient, prima facie, to establish such facts for the purpose of removal; but such statements may be traversed by the plaintiff by a pleading in the nature of a plea in abatement, in which case the court may receive evidence on the issue. A cause will not be remanded, however, merely on the filing of an affidavit by plaintiff controverting such statements.

On Motion to Remand to State Court.

Walsh & Newman, W. C. Jones, and Robertson, Miller & Rosenhaupt, for plaintiff.

William Wallace, Jr., for defendant Northern Pac. Ry. Co.

KNOWLES, District Judge. The questions presented for consideration in this case arise upon a motion to remand the same to the state court, from which it was removed into this court upon a petition, made under oath, alleging (1) that the plaintiff is a resident and citizen of the state of Washington, and that Charles Gibson, one of the defendants, is a resident and citizen of the state of Montana, and that the other defendant, the Northern Pacific Railway Company, is a corporation organized under the laws of the state of Wisconsin, and a citizen of said state; (2) that there is a separable controversy presented in said suit between plaintiff and the defendant Northern Pacific Railway Company, which can be wholly determined between it and said plaintiff, and in which said defendant Gibson is not in any manner interested. Upon this last ground the court is able to determine, from an inspection of the complaint, as to what it contains. Upon such examination, the court finds that this is a case where concurrent acts of negligence are charged against both defendants. Such an action presents no separable controversy. Cuddy v. Horn (Mich.) 10 N. W. 32, 41 Am. Rep. 178; Masterson v. N. Y. Central, etc., R. R., 84 N. Y. 247, 38 Am. Rep. 510; Hoye v. Great Northern Ry. Co. et al. (C. C.) 120 Fed. 712; Teal v. American Mining Co., et al. (Minn.) 87 N. W. 837; Moon v. N. P. R. R. Co., 46 Minn. 106, 48 N. W. 679, 24 Am. St. Rep. 194; Consolidated Ice Mach. Co. v. Keifer, 134 Ill. 481, 25 N. E. 799, 10 L. R. A. 696, 23 Am. St. Rep. 688; 2 Wood's Railway Law, 1341.

As to the other questions, the complaint does not specify the citizenship of the plaintiff or the defendant Gibson. The petition for removal, however, does. Judge Dillon, in his work on Removal of Causes from State Courts to the Federal Courts, lays down the rule

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

that a petition and affidavit are sufficient to bring the case, in the first instance, before the federal court, and furnish presumptive evidence of the necessary jurisdictional facts. But of course this first showing will not be considered conclusive, and the plaintiff may traverse the facts set forth in the petition or affidavit for removal, and an investigation be had as to the truth thereof. Short v. C., M. & St. P. Ry. Co. (C. C.) 34 Fed. 225; Malone v. Railway Co. (C. C.) 35 Fed. 625. Although the above-cited authorities apply to cases of removal on the ground of local prejudice, etc., they also apply to the practice to be observed in cases like the one at bar. Where the petition for removal states jurisdictional facts, such as citizenship, etc., which are not true, the plaintiff may traverse these facts by allegations in the nature of a plea in abatement, and the court can receive evidence to determine the same. Dillon's Removal of Causes, § 158, note 4. As stated, plaintiff did not do this, but sought, by an affidavit made by one of his counsel, to have the case remanded. This is not the correct practice, and, as the case now stands, the motion to remand must be overruled.