FRANK D. HYATT v. P. S. MURRAY and Others.[1]

July 12, 1907.

Nos. 15,182—(163).

**Negligence Toward Log Scaler—Question for Jury.**

> Defendants, engaged in the logging business, were with their servants, on the day of plaintiff's injury, loading a quantity of logs upon cars for shipment. Plaintiff was in the employ of the surveyor general of logs and lumber, and was sent to defendants' premises, where they were so engaged, at their instance and request, to scale the logs so being shipped. He was injured while engaged in this service by reason of the alleged failure of defendants' servants properly to perform the work incident to loading the logs. It is *held*: (1) That plaintiff was not a mere licensee upon defendants' premises, but was there at their request and for the purpose of transacting business with and for them, and defendants owed him an affirmative duty to exercise reasonable care in the conduct of the work in connection with which plaintiff was performing his duties to avoid injury to him; and (2) that the question of defendants' negligence in the premises should have been submitted to the jury.

Action in the district court for Pine county to recover $5,860 for personal injuries. The facts are stated in the opinion. The case was tried before Crosby, J., who, at the close of plaintiff's testimony, granted defendants' motion to dismiss the action. From an order denying a new trial, plaintiff appealed. Reversed.

*John Jenswold, Jr.,* for appellant.
*Alexander Marshall,* for respondents.

[1] Reported in 112 N. W. 881.

BROWN, J.

Action to recover for personal injuries, which was dismissed on the trial below when plaintiff rested, and plaintiff appealed from an order denying a new trial.

The evidence tends to show the following facts: The defendants were engaged in the logging business at Arlburg, this state, and on the day of the accident complained of, with their servants, were loading a quantity of logs upon cars for shipment out of the woods. Plaintiff was in the employ of the surveyor general of logs and lumber of the Fifth district, and was sent to Arlburg at the request of defendants to scale the logs so being shipped. He was injured while engaged in this service by reason of the alleged failure of defendants' servant properly to perform the work incident to skidding and loading the logs, the facts in reference to which are about as follows:

A permanent skidway was constructed by the men, adjoining the railroad and sloping toward the track, upon which the logs were rolled down to and upon the cars. They were brought in from the woods upon sleighs and unloaded therefrom directly upon the skidway. The roadway was not near enough to permit of unloading directly upon the skidway, and it became necessary to make use of short logs or skids to span the distance between the sleigh and the permanent skidway, and by this means the logs were moved upon the same and thence to the cars. After so unloading the short skids were moved under the skidway and brought out again when necessary. On the night preceding the accident complained of, defendants' employees engaged in this work, in moving these short skids under the skidway, left the end of one of them projecting out for a short distance, so that, when a sleighload of logs was brought in on the following morning, the sleigh ran against the end of the projecting skid, throwing the other end thereof, which was under the skidway, violently around to where plaintiff was engaged at work, striking his leg and breaking it. There were several of these skidways along the railroad track, all used for the same purpose. They were approached by loaded teams in what is designated as an "iced rut road," prepared by making ruts in the snow and partly filling them with water, which, when frozen, made a smooth track for and in which the sleigh runners were confined. This road extended along the several skidways, and the sleighs hauling logs usually kept the track, although they were driven along the road at times at a

rapid speed, and never came in contact with projecting skids unless they were negligently left extended into the roadway, or so close to it that the sleigh could not pass without striking them. The evidence tends to show that to avoid striking them they were moved under the skidway when not in use. The skidway at which the accident happened had been filled with logs the preceding day, and the load of logs which ran against the projecting skid was intended for one of the other skidways further down the line. The team approached the skidway on this occasion in the usual manner and struck the projecting skid with considerable force. Plaintiff was at the time, with an assistant, engaged in scaling the logs on this particular skidway preparatory to their being loaded upon the cars, and was unaware of the fact that the skid in question extended out into the roadway and was liable to be struck by a passing team. The evidence contains no suggestion that he was guilty of contributory negligence, nor is it conclusive that he was, as suggested by defendants, a trespasser at the point where he was at work when injured. The claim that his proper position was at the car where the logs were being loaded, about fifty feet from where he was injured, is not borne out by the record. At least, the evidence made that a question for the jury to determine.

The learned trial court dismissed the action, on the ground, as we understand, that the facts detailed above disclosed no actionable negligence against defendants. In this we think the court erred. The case should have been sent to the jury under proper instructions. Plaintiff was upon defendants' premises, not as a mere licensee, but upon the express invitation of defendants, and for the purpose of transacting business with and for them, to scale the logs being shipped by them; and they owed him an affirmative duty of exercising reasonable care in the conduct of the work in connection with which he was so engaged to avoid injuring him. Jaggard, Torts, 889; Emery v. Minneapolis Industrial Exposition, 56 Minn. 460, 57 N. W. 1132; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Lauritsen v. American Bridge Co., 87 Minn. 518, 92 N. W. 475. In the case of a mere licensee, the owner of premises owes no active duty to guard from injury. The licensee must take the premises as he finds them, and cannot ordinarily claim remuneration for injuries sustained by reason of their unfitness or dangerous condition. But that rule can have no application to a case like that at bar, where the presence upon the premises of another is by in-

vitation of the owner and for the purpose of the transaction of business with or for him.

Whether, in view of the manner and method of skidding, banking, and loading logs, as shown by the evidence in this case, it was an act of negligence to leave the skid mentioned projecting out into the roadway, was a question of fact for the jury to determine. If it was, then defendants are liable to plaintiff therefor; for the acts of their servants in charge of the work were, as to plaintiff, their acts, for which they are liable. If negligence be found in this respect, then it is immaterial that the particular accident and injury could not have been anticipated and guarded against. Christianson v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640; Wallin v. Eastern Railway Co. of Minn., 83 Minn. 149, 86 N. W. 76, 54 L. R. A. 481. Defendants are responsible for all consequences naturally and approximately flowing from their negligence in permitting the skid to extend into the road.

It follows that the order appealed from must be reversed; but, in view of a new trial, we may say, in response to some of the assignments of error, that evidence tending to show the manner and method of doing work of this sort, whether arising from custom or otherwise, is admissible. The deposition offered by plaintiff on the trial, having been taken in another action between other parties (though plaintiff and one of the defendants are parties to both actions), was properly rejected. The question whether some of the men engaged in the work in question were or were not servants of defendants is not presented by the evidence, and we refrain from discussing it.

The action was properly dismissed as to defendant O'Brien, for no evidence was offered to connect him with the cause of action; but, as there must be a new trial, we remand the cause for trial as to all the defendants, with the remark that, if no further evidence connecting O'Brien with the negligence complained of appears, the action should be dismissed as to him.

Order reversed.