JOHN ANDERSON v. GRANT SMITH and Others.[1]

April 3, 1908.

Nos. 15,459—(149).

**Care of Dynamite.**

The plaintiff was injured by an explosion of dynamite, while in the employ of the defendants, by their alleged negligence. He recovered a verdict for $6,000, and this is an appeal from an order denying their motion for judgment or a new trial. *Held:*

1. The defendants were charged with a high degree of care, a care commensurate with the intrinsically dangerous character of dynamite, to guard against injuries to their employees by it.

2. The evidence is sufficient to sustain the verdict of the jury to the effect that the defendants were negligent in the care of the dynamite, which was the proximate cause of plaintiff's injury, and that his injury was not caused by his own act or neglect. The award of damages was not excessive.

1 Reported in 115 N. W. 743.

Action in the district court for Ramsey county to recover $30,000 for personal injuries. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of plaintiff for $6,000. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Morton Barrows,* for appellants.

*Manahan & Cannon, R. W. Moyer,* and *Jefferis & Howell,* for respondent.

START, C. J.

This is an appeal by the defendants from an order of the district court of the county of Ramsey denying their alternative motion for judgment or a new trial in a personal injury action in which the plaintiff recovered a verdict for $6,000.

1. The first contention of the defendants is that they are entitled, upon the record, to judgment absolute in their favor, because it discloses no evidence to sustain the finding of the jury that the defendants were guilty of negligence which was the proximate cause of the plaintiff's injury, and for the further reason that the evidence shows, as a matter of law, that the plaintiff's injuries were caused by his own negligence.

It fairly appears from the undisputed evidence that on February 8, 1906, John Anderson, the plaintiff, was in the employ of the defendants, in the work of grading a railroad, at Oakland, Nebraska, and was seriously injured at one of the defendants' construction camps by an explosion of dynamite; that at this camp there were four tents or structures for the accommodation of the defendants' employees, and eight feet from these structures was another one, known as the "boss' tent," in which the employees were accustomed to eat their dinners, and eight feet from the boss' tent there was, and had been for some time prior to the accident, with the knowledge of the defendants' superintendent, a wooden box, uncovered and unprotected, in which was kept a quantity of dynamite, some twenty five pounds, for use in blasting the frozen ground; that it was zero weather at this time; that there is very little danger in handling dynamite so long as it remains frozen, but at the point where it ceases to be frozen and goes into the active condition other slight conditions, intervening externally, may produce

disastrous effects; that about noon of the day named the plaintiff was in the boss' tent, with other employees, eating his dinner, when the box of dynamite was discovered to be on fire, the flames rising to the height of about six feet; thereupon the plaintiff rushed out of the tent, seized a canvas tent covering, threw it upon the burning box, when the dynamite therein exploded; that he thereby sustained serious bodily injuries resulting in a concussion of his brain, rendering him so violently insane that it was necessary to put him in a straight jacket and place him in the state hospital for the insane, where he was at the time of the trial of this action, and he was not a witness in the case; and, further, that during the time the camp in question was in use no fires had ever caught about the place from any cause.

There was also evidence, some of it conflicting, tending to show that in all of the tents there were stoves, five in all, the pipes of which were five to six feet long, and the fuel was soft coal, which was kept burning in the stoves; that the persons in and about the camp were accustomed to smoke cigars, cigarettes, and pipes, and to light matches, and the ashes from the stoves were removed daily, usually in the forenoon, and thrown indiscriminately on the premises; that there were caps for the explosion of dynamite in the box, and, further, that sparks escaped from one or more of the stove pipes; that there was no snow on the ground, which was covered in places with withered grass. The alleged actionable negligence of the defendants was that they kept dynamite where it was liable to explode by fire or other cause.

We have, then, the question whether there is in the record any evidence to support the finding of the jury that the defendants were negligent as charged. The defendants left uncovered and unprotected a large quantity of dynamite, an extremely hazardous agency under ordinary conditions, in close proximity to the tents occupied by their employees. They were charged with a high degree of care, a care commensurate with the intrinsically dangerous character of dynamite, to guard against injuries to their employees by the dynamite. Mattson v. Minnesota & North Wisconsin R. Co., 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. 483. The defendants were clearly guilty of negligence in leaving the dynamite where they did leave it, if, under the circumstances disclosed by the evidence, they ought, in the exercise of the high degree of care imposed upon them by law, to

have anticipated that injury was liable to result to others from their act. We are of the opinion that the evidence was ample to sustain the finding of the jury that the defendants ought, in the exercise of such care, to have anticipated that injury from the unprotected dynamite might result to their employees or others. The gist of the defendants' alleged negligence and the proximate cause of the plaintiff's injury was not, as defendants seem to claim, the careless starting of the fire by some of their employees, but it was their act in leaving the unprotected dynamite where they did leave it. If it had not been there, the plaintiff would not have been injured as he was, for if the dynamite were not there no explosion would have occurred; or, in other words, the defendants' negligence created the conditions which caused the plaintiff's injuries and without which the accident could not have happened, hence it is immaterial how or by whom the fire was started, unless it was by the negligence of the plaintiff, for the proof is plenary that the box caught fire and exploded the dynamite, whereby the plaintiff was injured. Teal v. American Mining Co., 84 Minn. 320, 87 N. W. 837; Thomas v. Smith, 90 Minn. 379, 97 N. W. 141; Mattson v. Minnesota & North Wisconsin R. Co., supra; Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279.

We hold that the question of defendants' negligence was made by the evidence one of fact, and not of law, and that the finding of the jury on the question is sustained by the evidence.

This brings us to the defendants' second alleged reason why they were entitled to a directed verdict, namely, that the fire which caused the dynamite to explode was set by the plaintiff's negligent act. In this connection the trial judge instructed the jury that:

"If you should find from the evidence that John Anderson carried out live coals in ashes, and dumped them in such proximity to this box containing dynamite, and that this set fire to the box, and thus ignited the dynamite, then he was guilty of such want of ordinary care as would constitute negligence on his part, and there could be no recovery in his behalf."

If the plaintiff did so dump the ashes, but did not know that there was dynamite in the box, it would seem that the question whether he was guilty of negligence was one of fact. But, waiving this, the jury, under this instruction, found that the plaintiff did not dump the ashes

in such proximity to the box that it was thereby set on fire. It does not appear from the undisputed evidence, as a matter of law, that the plaintiff did so deposit the ashes. The evidence shows that the plaintiff and his wife and Mr. Froeberg, who was also injured by the explosion, and his wife and others, were in the boss' tent when the box was discovered on fire. Mrs. Froeberg testified on this point to the effect that she saw the plaintiff shake down the ashes in the stove in the tent and then take a shovel and carry them out; that in the ashes she saw live coals; that he went from north to south and entirely out of sight; that as soon as he came in and had put coal in the stove she felt heat on her arm, when they all rushed out and discovered the box on fire. Mrs. Anderson testified to the effect that the plaintiff was in the tent eating his dinner and did not go out of the tent. Two other witnesses testified that they saw the plaintiff carry the ashes out of the tent some two minutes before the explosion. No witness testified where the plaintiff deposited the ashes, if he did carry them out. There is no direct evidence on this point. There is no presumption, in the absence of evidence to the contrary, that the plaintiff was negligent. Whether he knew that the box contained dynamite at the time it is claimed that he carried out the ashes, was left, by the evidence, a question of fact. If he did know it, it is highly improbable that he would have dumped the ashes in close proximity to the box. Even if it be conceded that he did dump the ashes outside of the tent, the evidence is far from conclusive that he dumped them anywhere near the box. On the contrary, the direction of the wind at the time, and the fact that he was out of the tent only a very short time, and that the fire was discovered within two minutes after his return, when the flames were six feet high, constitute potent evidence tending to show that the fire did not start from the soft coal ashes which he carried out. Especially is this so in view of evidence reasonably tending to show other ways and agencies by which the box might have been set on fire. We are of the opinion that the evidence, considered as a whole, is sufficient to sustain the verdict on the question whether the fire in the box was due proximately to the negligent act of the plaintiff. That he was not guilty of contributory negligence in trying to put the fire out by smothering it with the canvas is clear. If he knew that there was dynamite in the box, the jury might well find that it was a heroic act thus to face

imminent danger of death to prevent the explosion and save others from death or serious injury; but if he did not know it, then it was a commendable, not a negligent, act. The defendants' motion for judgment was properly denied.

2. In support of their motion for a new trial the defendants urge that the trial court erred in giving to the jury this instruction:

"If you should find from the evidence that several acts or conditions, one of them a negligent act of the defendants in storing the dynamite exposed in an open box at the time and place and under the conditions shown in the evidence, produced the injury to John Anderson, and that his injuries would not have been caused but for such negligence of these defendants, then you would find that such negligence of defendants was the proximate cause of John Anderson's injuries, if you should also find that the injury which resulted might have been reasonably anticipated by the defendants as a natural consequence of that act on their part."

The only objection to this instruction meriting consideration is that it is too general because "it does not eliminate the conduct of the plaintiff as a concurring act or condition." If the court had not expressly eliminated the alleged acts of the plaintiff from this general statement of the law, and the defendants had requested the court so to do, and the request had been refused, the defendants would have just cause for complaint. But neither hypothesis is true. The learned trial judge, after giving the general charge complained of, specifically and in the language we have already quoted charged the jury that if the plaintiff dumped live coals in ashes near the box of dynamite, thereby setting fire to the box and causing the explosion of the dynamite, he could not recover. There was no error in the trial court's instructions to the jury of which the defendants can complain, for taken as a whole, they were fair, clear, and correct.

The last contention of the defendants is that the damages awarded are so excessive that they are entitled to a new trial. In addition to the injury to the plaintiff's brain, he received as a result of the explosion a large number of wounds on his face, legs, and body by small pieces of copper wire being shot into him. The evidence shows that he had recovered from these wounds at the time of trial, and that his organic functions and health were good, except his brain difficulty.

The evidence also shows that he is still in the hospital for the insane and that his condition is one of great mental depression, which is accompanied by delusions concerning himself and his bodily injuries; that this condition is classified as melancholia, the duration of which it is impossible to determine. It is quite obvious from this evidence that the damages awarded are not excessive.

Order affirmed.