ENDERS v. SUPREME LODGE KNIGHTS AND LADIES OF HONOR.

(Circuit Court, E. D. New York. March 1, 1910.)

1. COURTS (§ 328*) — FEDERAL COURTS — JURISDICTION — AMOUNT IN CONTROVERSY.

Where a suit against a mutual benefit association to invalidate an assessment involved a certificate for $2,000 and benefits, and defendant's allegation as to the amount involved was not traversed, the amount was sufficient to confer federal jurisdiction, notwithstanding a tender of premium.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. REMOVAL OF CAUSES (§ 106*)—RIGHT TO REMAND—WAIVER.

Plaintiff, by noticing a demurrer for argument after the removal of cause, waives his right to remand.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 216; Dec. Dig. § 106.*]

Action by Fred Enders against the Supreme Lodge Knights and Ladies of Honor. On motion to remand. Denied.

Norbert Blank, for complainant.
Joline, Larkin & Rathbone, for defendant.

CHATFIELD, District Judge. Motion to remand will be denied. The plaintiff has not traversed the allegation by the defendant of amount involved (Weaver v. Nor. Pacif. [C. C.] 125 Fed. 155); but the points appear on the pleadings, and no testimony seems to be required.

The amount involved is $2,000 and benefits, which of itself would seem to be sufficient. The premium is only a tender, and is not what is involved by the action. Further, the relief asked is a decree against the validity of an assessment, which would affect as stare decisis all similarly situated who could under the federal laws join in the suit or who are subject to this court's jurisdiction, even if the question did not become res adjudicata as to the other parties who did not come in.

If a patentee with a fixed license rate should seek to restrain in equity an infringement, and thereby stop a business involving thousands of dollars, it would scarcely seem that the license value alone could be held as the amount involved, even if it were all the damage recoverable.

The plaintiff has noticed a demurrer for argument, and this is certainly a waiver of his right to remand, in the face of the allegations of the record. But on all the reasons the result reached must be the same.

Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes