OTTO HILL v. REPUBLIC IRON & STEEL COMPANY and Others.[1]

October 7, 1910.

Nos. 16,757—(144).[2]

**Proximate cause.**

Concurrent negligence is not always equivalent to proximate cause.

**Complaint states a cause of action.**

The complaint states a cause of action against the railroad company for negligently furnishing a defective car, although the mining company was negligent in directing an inexperienced laborer, without proper instructions, to operate the brake thereon.

Action in the district court for St. Louis county against Republic Iron & Steel Company, Joseph Popart and Duluth & Iron Range Railroad Company, to recover $25,000 for personal injuries. The facts are stated in the opinion. From an order, Cant, J., overruling defendant Duluth & Iron Range Company's demurrer to the amended complaint, it appealed. Affirmed.

*Baldwin, Baldwin & Dancer,* for appellant.

*John A. Keyes,* for respondent.

LEWIS, J.

The complaint stated: That the Republic Iron & Steel Company was operating the Franklin mine, which by a system of tracks and switches was connected with the Duluth & Iron Range Railroad Company's track. That one Joseph Popart was in charge of the mining

[1]Reported in 127 N. W. 925.                    [2]October, 1910, term calendar.

operations, and that plaintiff was an employee under the supervision of Popart. That on August 19, 1909, Popart, desiring to secure some iron pipe for the purpose of repairing a steam shovel which he was operating, directed plaintiff and other employees to take a push car and get the pipe. Popart directed the men to remove a loaded ore car standing on the track in their way. The car was standing on a gravity track, and plaintiff took a position on top of the car by the brake, while the other men started the car with a crowbar. The car gained in speed as it proceeded down the grade, and plaintiff attempted to apply the brake, by using a stick furnished for the purpose, by inserting it in the brake wheel. That by reason of the defective condition of the brake, and plaintiff's inexperience, the stick bent, or broke, and he was thrown to the ground and injured. The railroad company, the mining company, and Popart are made parties defendant, upon the theory that each was guilty of negligence —the railroad company in furnishing a car with a defective brake; the mining company and Popart in directing plaintiff to assist in moving the car to manipulate the brake, knowing that he was an inexperienced man in that work, and without giving him the proper instructions.

The railroad company (appellant here) demurred to the complaint upon the ground that it does not state a cause of action as to it, and its argument is that from the facts stated it conclusively appears that the proximate cause of the accident was the conduct of the mining company and of Popart in directing plaintiff, an inexperienced person, to assist in moving the car without giving him proper instructions, and that the defective brake had nothing to do with causing the accident. The argument is confined, principally, to paragraph 6 of the complaint. It is there alleged that the mining company and Popart directed plaintiff to go upon the car and assist in moving it, without giving him proper instructions or warning, and in that connection no specific reference is made to the brake, but it is stated that it was negligence on the part of the mining company and Popart to allow an inexperienced person, such as plaintiff, to attempt to operate "said loaded car down said grade." This, of course, refers to the car as previously described, viz., a car furnished with a worn-

out brake, which could not be made to bind the wheels of the car and perform their functions in stopping the car after it had been started. In other parts of the complaint the charge is directly made that the car was equipped with a defective brake, negligently furnished by the railroad company, and that the plaintiff lost his balance by reason of the defective condition of the brake.

The facts stated do not warrant the conclusion that the proximate cause of the accident was the negligence of the mining company and of Popart. The fair inference is that the proximate cause was the defective condition of the brake, which did not operate readily; that if the brake had been in proper order plaintiff would have succeeded in stopping the car without breaking or bending the stick, even though he was inexperienced and had not been properly instructed in that line of work. The railroad company cannot be excused, even if the other parties were also negligent. Teal v. American Mining Co., 84 Minn. 320, 87 N. W. 837.

Affirmed.