## JACK LAINE v. CONSOLIDATED VERMILLION & EXTENSION COMPANY.[1]

October 31, 1913.

Nos. 18,101—(42).

**Complaint — negligence alleged not proximate cause of injury.**

A complaint in a personal injury action examined and *held* not to show the negligence alleged against the defendant appearing to be the proximate or concurring cause of plaintiff's injury.

[1] Reported in 143 N. W. 783.

Action in the district court for St. Louis county to recover $10,000 for personal injury received while in defendant's employ. From an order overruling its demurrer to the complaint, defendant appealed. Reversed.

*Alexander Marshall,* for appellant.

*John A. Keyes* and *Bert W. Forbes,* for respondent.

HOLT, J.

The Consolidated Vermillion & Extension Company, one of the defendants, demurred to plaintiff's complaint. From the order overruling the demurrer it appeals.

The substance of the allegations in the complaint are: That plaintiff was in the employ of the appellant, a corporation actively engaged in mining, his work being to move coal from a large pile outside the boiler house to the door thereof by means of a wheelbarrow. While requiring him to so work appellant carelessly and negligently undertook to thaw out and fit for use with caps and fuse some dynamite sticks in the boiler house, which dynamite had through its negligence become frozen. Then follow certain allegations as to the duty of appellant to furnish plaintiff a safe place in which to work; to maintain adequate supervision and control of its business so as to carry it on in a safe manner; to refrain from carelessly subjecting plaintiff to unnecessary hazards without timely warnings to him; to adopt a suitable method of storing, handling, and caring for the dynamite to be used in the mine so as not to suffer it to freeze and so as not to endanger others not required to handle the explosives; and that it was the duty of the defendant Tom Edwardson to refrain from throwing a lighted fuse out of the door of the boiler house where it would endanger plaintiff. Failure to perform these several duties is averred. It is then alleged that, while plaintiff was wheeling coal as above stated to the door of the boiler house, miners, employed by appellant in a different department from that in which plaintiff was working and of whose work plaintiff had no knowledge, were preparing in the boiler house sticks of dynamite which had been negligently allowed to freeze and then negligently placed in the boiler house for thawing. Then come the following averments:

"That as plaintiff was dumping his wheelbarrow loaded with coal on said pile at the door of said boiler house as aforesaid, without any warning or notice of any kind whatever to plaintiff, a piece of fuse to which was attached a dynamite cap and which had been cut so short that it was dangerous to use in the mining work was lighted by defendant Edwardson and carelessly and negligently thrown through the door of said boiler house by the defendant Edwardson who was then and there engaged at work for the defendant corporation as its servant and was carrying on its work therein, upon said pile of coal directly in front of and near plaintiff and which said dynamite cap as it struck said pile of coal in front of plaintiff exploded and injured plaintiff's right eye and left ear. That in so doing defendant Edwardson was destroying said cap and fuse in order that the same might not be used in the mine and was acting for and in the interest of the defendant mining company."

This is an action to recover for injuries occasioned by appellant's negligence. It is elementary that the pleading as well as the proof must show that the alleged negligence caused the injury. If it is apparent from the pleading that there is lack of causal connection between the two, a demurrer will lie. It is true that ordinarily it is for the jury to ascertain the proximate cause of the accident. Frequently an injury is the result of a series of successive occurrences standing in the relation of cause and effect. The immediate cause is not necessarily the one upon which actionable negligence must always be predicated, but often one more remote to which the immediate is in some measure due. In such a case the original cause which set the others in motion, if occurring through some one's neglect, gives a cause of action to the person ultimately reached and injured. And if an injury is produced by several concurring acts or conditions, the one guilty of one of these may be held for the whole consequence. Vills v. City of Cloquet, 119 Minn. 277, 138 N. W. 33. It is also true that one may be charged with negligence although, when the act was done, reasonable care could not foresee the particular injury which resulted therefrom: Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Wallin v. Eastern Ry. Co. of Minn. 83 Minn. 149, 86 N. W. 76, 54 L.R.A. 481; Hyatt

v. Murray, 101 Minn. 507, 112 N. W. 881. Further, we must take notice of the great danger connected with the use and handling of dynamite and high explosives, and the consequent high degree of care which must be requi~ed of those who must needs use and handle it. Anderson v. Smith, 104 Minn. 40, 115 N. W. 743.

Examining the complaint with these principles in mind, we nevertheless think it fails to connect the negligence alleged against the appellant with the immediate cause of plaintiff's injury. The pleading abounds in allegations as to the negligence of appellant in respect to the freezing, the place of thawing and preparing the dynamite for use, and in omitting to adopt suitable and safe methods therefor. But when it comes down to a statement of the actual cause of plaintiff's injury, we find it came not from the dynamite nor because of the fact that it was handled in the boiler house. The boiler house had no connection with plaintiff's accident, except that there was an open door through which Edwardson was able to throw the lighted fuse and cap. The freezing, thawing and preparation of the dynamite have no bearing upon the accident at all, with the single exception of the disposition of the waste fuse. It does not appear how the dynamite sticks are prepared or when the fuse and caps are attached, but it is necessary work and must be done somewhere. As far as this accident is concerned it appears that it was as safely done in the boiler house as elsewhere.

The immediate cause of plaintiff's injury was the explosion of a cap attached to a fuse lighted and thrown out of the door of the boiler house by Edwardson. We may concede this to be a careless act. And if Edwardson in what he did was performing a nondelegable duty of appellant, or if some negligence of appellant concurred with that of Edwardson, then there may be a recovery. But the complaint contains no sufficient averments as to the existence of either. It is nowhere alleged that it was necessary or usual to destroy fuse cut too short, or to do so by fire when attached to caps. It is not stated that Edwardson was one of the miners preparing the dynamite, and no direct allegation as to his work. For aught that appears this lighting a fuse attached to a cap and throwing it out through the open door may have been an idle prank. In fact one

allegation is that it was the duty of Edwardson to refrain from so doing while another is that he "was destroying said cap and fuse in order that the same might not be used in the mine and was acting for and in the interest of" appellant. It may be that the pleader in the first allegation did not intend to refer to Edwardson's duty to his master but to plaintiff; and it may be that in the latter is a designed blending of a conclusion of law with a statement of fact. But at any rate, as we view the complaint, there should be direct and unambiguous allegations in respect to that negligence of appellant which is claimed to be the proximate cause of plaintiff's injury.

In the absence of allegation common sense would indicate that no mining company could adopt or tolerate a practice of getting rid of waste fuse by lighting the same attached to explosive caps. It does not occur to us that it can be necessary, proper, or usual to destroy caps by exploding them even if attached to fuse that might be too short to be used with safety. There is no allegation that ordinary care required fuses cut too short to be destroyed, or that caps to which they might be attached be exploded. The simple fact, that plaintiff's fellow servant Edwardson did so destroy a fuse and cap does not, under the allegations of the complaint, show any causal connection between plaintiff's injury and any negligence charged against appellant. It was apparently a deliberate act of Edwardson not connected, or concurring, with any wrongful act or omission of appellant tending to bring it about, or with any negligent condition created by appellant from which an injury might have been anticipated. If there be any connection between Edwardson's act and appellant's negligence which helped to produce plaintiff's injury he should amend the complaint so as to state it.

Order reversed.