# JOSEPH RESNIKOFF v. LOUIS FRIEDMAN.[1]

January 16, 1914.

Nos. 18,430—(199)

**Use of independent contractor's scaffold — duty of defendant.**

Plaintiff was injured by the breaking of one of the timbers in a scaffold erected by carpenters in the construction of a house under a contract with defendant. Plaintiff had entered into a contract with defendant to furnish and put in place the tin valleys and gutters for the house at a specified price, and was injured while using the scaffold in the performance of his contract. It is *held*:

(1) The relation of master and servant did not exist between plaintiff and defendant, and the rule of safe place to work does not apply.

(2) Defendant owed plaintiff the duty of exercising ordinary care to avoid injuring him. The scaffold was erected by the carpenters, who were not servants of defendant, but independent contractors. The rule of *respondeat superior* does not apply. Defendant did not select the timber that went into the scaffold, but it was selected by the carpenters out of the timber furnished by defendant for the erection of the house. Defendant was not bound to inspect the timber so selected by the carpenters for the scaffold, and was not guilty of a breach of his duty to use ordinary care to avoid injuring plaintiff.

Action in the district court for Ramsey county to recover $5,250 for injury received while in the employ of defendant. The answer admitted a contract between plaintiff and defendant by the terms of which plaintiff agreed for a stipulated price to construct certain tin eaves upon a certain building, and alleged that, if plaintiff met with any accident, it was occasioned solely by reason of his negligence in the premises. The case was tried before Catlin, J., who granted de-

[1] Reported in 144 N. W. 1095.

Note.—The question of the liability of a master to a servant for failure to provide independent contractor with safe appliances is treated in a note in 1 L.R.A.(N.S.) 283. And for the general rule as to the absence of the master's liability for acts of independent contractor, see elaborate note in 65 L.R.A. 622.

fendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*W. R. Duxbury, C. N. Conzett* and *Lyle Pettijohn,* for appellant. *Otis & Otis,* for respondent.

BUNN, J.

This action was brought to recover damages for personal injuries. At the close of the evidence the court directed a verdict for the defendant. A motion for a new trial was denied, and plaintiff appealed from the order.

The sole question for our decision is whether or not the trial court was right in taking the case from the jury. The material facts are not in dispute, and are in substance as follows:

A sister of defendant owned a lot in St. Paul, and authorized defendant to build thereon for her a duplex house. Defendant entered into a contract with stone masons to build the foundation, another contract with two carpenters for the carpenter work, another contract for the plumbing. In short, defendant had no connection with the construction of the building, except to let the various contracts, and to furnish material as hereinafter mentioned. Plaintiff was a tinning and roofing contractor. He and defendant entered into an oral contract, by the terms of which plaintiff was to construct and put in place the tin valleys and gutters for the building at an agreed price of so much per foot. Plaintiff went to the building to begin the job. The carpenter was not quite ready for him, as he had not put on pieces or strips of board that are necessary before the tin is put on. Plaintiff assisted the carpenter in putting the strips on the south side of the building, using a scaffolding that had been erected by the carpenters. He then went down to bend the pipe in shape for the south side. After doing this, in order to measure the roof on the north side, he attempted to step on the scaffold through a window, when a two by four gave way under his weight, and he fell to the ground and sustained the injuries complained of. There was evidence that the timber which broke was a part of the platform of the scaffolding, and had a knot in it which caused it to break when plaintiff stepped on it.

The scaffold used by the plaintiff in performing his work was constructed for their own purposes by the carpenters who had the contract with defendant for doing the carpenter work on the building. Under this contract, the carpenters were to furnish all carpenter labor for the construction of the house for $600. It was agreed that defendant was to furnish "all materials of all kinds for the erection of above house." Defendant had nothing to do with putting up the scaffolding, or with selecting the timber which went into it.

Plaintiff claims that defendant is liable for the accident, on the ground that he failed to furnish plaintiff with a safe place to work. But it conclusively appears that the relation of master and servant did not exist between plaintiff and defendant. On his own evidence, plaintiff was a contractor, and contracted with defendant to do the necessary tin work on the building at a specified price. There is no basis for the claim that plaintiff was defendant's servant, and the safe place to work rule has no application.

Though, as we have held, the relation of master and servant did not exist between defendant and plaintiff, it is not true that defendant owed no duty to plaintiff. Plaintiff was not wrongfully on the premises, or even as a mere licensee. He was there by the invitation of defendant, for the purpose of performing his contract. Defendant owed him the duty of exercising reasonable care to avoid injuring him. Hyatt v. Murray, 101 Minn. 507, 509, 112 N. W. 881. And we are unable to hold that plaintiff had no right to use the scaffolding put up by the carpenters for their own use. Lauritsen v. American Bridge Co. 87 Minn. 518, 92 N. W. 475. If therefore defendant had furnished the scaffold as a completed structure, or if he had selected the materials to be used in its construction by the carpenters, it might be said that he was liable for failing to use ordinary care in case he picked out timber that was of insufficient strength to bear the weight of the men who might be expected to use the structure. But the evidence wholly fails to make out such a case. Defendant did not furnish or construct the scaffold. Presumably he furnished the timber of which it was built as a part of the materials for the erection of the house, which he agreed to furnish. But he did not select the timber that was to go into the scaffold. That was

constructed by the carpenters out of the timber that was on hand. The evidence shows that there was a pile of timber on the premises, including two by fours.

The carpenters picked out the pieces that were suitable for use in building the scaffold. It surely cannot be said that defendant was bound to inspect the different boards and pieces of timber that went into the scaffold. And clearly he is not liable under the rule of *respondeat superior* for the negligence of the carpenters. They were not his servants, but were independent contractors. We hold that the evidence fails to show that defendant was negligent in the performance of any duty that he owed to the plaintiff, and therefore that the trial court correctly disposed of the case.

Order affirmed.