## MELLON v. INTERNATIONAL SHOE CO. et al.

District Court, D. Massachusetts. April 18, 1929.

No. 3470.

James M. Hoy, of Boston, Mass., and Hogan & Hogan, of Providence, R. I., for plaintiff.

Joseph Wentworth and Choate, Hall & Stewart, all of Boston, Mass., for defendants.

MORTON, District Judge. As an original question it is certainly arguable whether the statutory provision for written notice of the petition and bond for removal constitutes an essential step in removal proceedings. That question has, however, been settled in this court by the decision of Judge Dodge. Arthur v. Maryland Casualty Co., 216 F. 386. Assuming it to be an essential step, I do not think that anything which counsel for the plaintiff said or did, as stated in the agreed facts, amounted to a waiver of it. The case when first entered in this court was remandable.

The further question is whether that right has been waived by the plaintiff. The case was here about two and one-half months before the plaintiff appeared. It was a special appearance, and with it was filed a motion to remand. Without making any effort to bring this motion to hearing, the plaintiff marked the case on the jury trial; and it accordingly appeared upon that list for the March term. This marking was done in the usual way by sending to the clerk the following request signed by plaintiff's counsel: "You are requested to put the above-entitled case on the calendar of cases for trial by jury at this term." This action was entirely inconsistent with the position taken in the motion to remand, and, having been done without any reservation of rights under the motion, had the effect of waiving the motion. Enders v. Supreme Lodge (C. C.) 176 F. 832, and Philadelphia & Boston Face Brick Co. v. Warford (C. C.) 123 F. 843.

Motion denied.